# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Norfolk Division

TOBY SCOTT HAWLEY, #1197735

    Petitioner,

v.
                             Case No. 2:10CV410

GENE M. JOHNSON,
Director, Virginia Department of Corrections,

    Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter was referred to a United States Magistrate Judge pursuant to the provisions of 28 U.S.C. §§ 636(b)(1)(B) and (C) and Rule 72(b) of the Federal Rules of Civil Procedure. Because the petition is both procedurally defaulted and time barred, the undersigned recommends it be dismissed.

## I. STATEMENT OF THE CASE

On January 25, 2005, in the Circuit Court of Powhatan County, a judge convicted petitioner Toby Scott Hawley ("petitioner" or "Hawley") of breaking and entering, robbery, and use of a firearm in the commission of a felony. On May 26, 2005, the court sentenced him to a total of twenty-five years of imprisonment with seventeen years suspended, for a total period of eight years active incarceration.

At the trial, three witnesses, Richard Shoemaker, Maria Smith and Molly Norsworthy testified to having seen Hawley at the scene of the crime. All three witnesses had initially

1

identified Hawley to investigators as the perpetrator of the crime. After indictment, but prior to trial, all three changed their stories in written letters to the prosecutor. In the letters the witnesses described Hawley as a "friend of the family," and stated he was not guilty of any crime.

At trial each of the witnesses was confronted with their correspondence in which they had attempted to exonerate Hawley. All three witnesses attempted to minimize Hawley's culpability, but still identified Hawley as being present at the time of the incident. The trial judge concluded that the witnesses had changed their story in the letters after learning that Hawley could face very serious consequences for his role in the crime. The judge found that the content of the letters was not persuasive, and that the witnesses' identifications in court and prior to indictment were accurate. Transcript of Record, Commonwealth v. Hawley, No. CR0403600 through CR0403602 at 93-94 (Va. Cir. Ct. 2004).

Hawley appealed his conviction to the Virginia Court of Appeals arguing that there was insufficient evidence to convict him of the robbery and use of a firearm and that the trial court erred in denying his post-trial motion for a new trial based on after-discovered evidence. The new evidence he submitted included affidavits from the three testifying witnesses – Shoemaker, Smith and Norsworthy. The Court of Appeals denied his appeal in a per curium opinion on February 17, 2006. The decision was affirmed by a three-judge panel on May 16, 2006.

On May 22, 2006, Hawley filed a second motion for a new trial in the trial court based on the three affidavits. The Circuit Court denied the motion on July, 14 2006. The Court of Appeals denied Hawley's appeal of the Circuit Court's decision. Hawley v. Commonwealth, Record No. 1774-06-2 (Va. Ct. App. Mar. 21, 2007).

Hawley then filed a writ of actual innocence in the Court of Appeals on May 24, 2007. Hawley's request for a writ was again premised on the three affidavits from the

2

Commonwealth's witnesses, all of whom purport to recant their prior testimony and maintain that their statements at trial were false. The Court of Appeals held that the recantations were not "material" because Hawley could not demonstrate that the affidavits were true. Hawley v. Commonwealth, No. 1239-07-2 (Va. Ct. App. July 18, 2007) (citing Carpitcher v. Commonwealth, 273 Va. 335, 344, 641 S.E. 2d 486, 492 (2007)). The court denied the writ on July 18, 2007 on the grounds that Hawley had not met his burden of demonstrating that no rational trier of fact could have found him guilty beyond a reasonable doubt in light of the recantations under Virginia Code § 19.2-327.11(A)(vii). Id.

Hawley then filed a writ of habeas corpus with the Virginia Supreme Court on May 23, 2008, alleging ineffective assistance of counsel during his prior appeal. On July 28, 2008, the Virginia Supreme Court dismissed the petition as untimely under Virginia Code § 8.01-654(A)(2). Hawley v. Director, Dep't of Corr., No. 081115 (Va. July 28, 2010).

On August 17, 2010, Hawley, proceeding pro se, filed this federal petition for habeas corpus relief pursuant to 28 U.S.C. § 2254. Hawley's federal petition raises an ineffectiveness claim identical to that presented in his state habeas filing. It also includes ten other claims, including a challenge to the sufficiency of the evidence, two claims of procedural misconduct, and seven additional claims related to the ineffectiveness of his trial counsel.

In this petition, Hawley again claims he is actually innocent and asserts that the three affidavits purporting to recant trial testimony as well as newly discovered evidence of a Criminal Incident Report support this claim. Hawley alleges that the Incident Report, which lists the time of the incident as "12:31:00 PM" corroborates the recantations. On September 22, 2010, respondent filed his Rule 5 Answer and Motion to Dismiss, along with a brief in support. Hawley responded to the motion on December 3, 2010 and the matter is ripe for decision.

## II. RECOMMENDED FINDINGS OF FACT AND CONCLUSIONS OF LAW

A. **One ineffectiveness claim in Hawley's federal petition is exhausted and procedurally defaulted.**

Habeas petitions filed pursuant to 28 U.S.C. § 2254 challenge a state's custody over a petitioner on the grounds that such custody violates the "Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Before applying for federal habeas relief, however, a petitioner must first exhaust the remedies available in state court or demonstrate the absence or ineffectiveness of such remedies. 28 U.S.C. § 2254(b)(1). Therefore, before a state prisoner can apply for federal habeas relief, he must first give the state court an opportunity to consider alleged constitutional errors occurring in a state prisoner's trial and sentencing. Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998). "To satisfy the exhaustion requirement, a habeas petitioner must fairly present his claim to the state's highest court." Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997); see Picard v. Connor, 404 U.S. 270, 275-76 (1971).

Of the various claims in Hawley's federal habeas petition, only one is exhausted. Hawley presented a claim for ineffective assistance of his counsel in failing to advance his direct appeal in his state habeas petition. The Supreme Court of Virginia denied the petition as untimely under Virginia Code § 8.01-654(A)(2). As discussed below, the Supreme Court's procedural dismissal of Hawley's ineffectiveness claim is a substantial obstacle to federal review.

Habeas claims are procedurally defaulted "[if] a state court clearly and expressly bases its dismissal on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal." Id. (citing Coleman, 501 U.S. at 731-32). A state rule is adequate and independent where it is "regularly or consistently applied by the state court," and "does not rely on a rule of federal constitutional law." Mu'Min v. Pruett, 125 F.3d 192, 196 (4th

4

Cir.1994) (citing Johnson v. Mississippi, 468 U.S. 578, 587 (1988)). The procedural default rule set forth in Virginia Code §§ 8.01-654(A)(2) constitutes an adequate and independent state-law basis for decision. See Weeks v. Angelone, 176 F.3d 249, 273 (4th Cir. 1999); Sparrow v. Director, 439 F. Supp. 2d 584 587-88 (E.D. Va. 2006). Therefore, Hawley may only overcome procedural default and obtain federal review on the merits of the case, if he is able to demonstrate cause and prejudice for the default or demonstrate that failure to review the claims will result in a fundamental miscarriage of justice. Coleman v. Thompson, 501 U.S. 722, 750 (1991); Savino v. Murray, 82 F.3d 593, 602 (4th Cir. 1996).

In an attempt to overcome his procedural default, Hawley's petition states that he is "actually innocent," a claim explicitly tied to the discovery of new evidence and the fundamental miscarriage of justice exception. Schlup v. Delo, 513 U.S. 598, 321 (1995). A habeas corpus petitioner's claim of actual innocence is a gateway by which an otherwise barred constitutional claim may be reviewed in federal court. Id. at 315. In order to excuse procedural default under this exception, Hawley must show that "it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." Royal v. Taylor, 188 F.3d 239, 243-44 (4th Cir. 1999) (quoting Schlup, 513 U.S. at 327).

In this case, Hawley can't avoid procedural default under this exception because the recantations underlying all of his claims, do not foreclose the possibility that a reasonable trier of fact would convict him. See Dobbert v. Wainwright, 468 U.S. 1231, 1234-35 (1984) (Brennan, J. dissenting) (quoting Brown v. State, 381 So. 2d 690, 692-693 (Fla.1980) (recantation of trial testimony properly viewed with great suspicion and justifies a new trial upon determination of truth and a finding that it would "render probable a different verdict). As discussed in detail by the Virginia Court of Appeals, all three witnesses changed their stories during the course of the

5

trial. Because of the witnesses' prior sworn testimony and their attempts to exonerate Hawley, the trial court carefully explored their statements during the trial and found them unpersuasive.[1] The Affidavits are also dated prior to Hawley's direct appeal and were carefully considered by the Court of Appeals. As a result, the purported recantations contained in the affidavits are not new evidence which could support Hawley's claim of actual innocence.

The only other evidence submitted in support of his claim is the Incident Report which lists the incident as occurring at 12:31 p.m. instead of during the nighttime. However, the testimony which was found to be credible at trial was the testimony of three witnesses that the incident occurred at some point late in the night or early in the morning. Transcript at 18, 38, 44. The finder of fact could have been persuaded by the direct testimony of the witnesses as to the time of the incident as opposed to what is likely a typographical error on the Incident Report regarding the time of the offense. The Incident Report does nothing to corroborate the purported recantations – indeed it specifically identifies Hawley as the perpetrator and Shoemaker as his accuser. As a result, Hawley's reliance on the Incident Report, the only evidence alleged to be new, does not meet his burden and his claim for federal habeas review is procedurally barred.

B.  **Hawley's remaining, unexhausted claims are simultaneously exhausted and defaulted.**

Hawley's federal petition also presents additional claims which were not presented to the Virginia Supreme Court. Ordinarily, a petition presenting both exhausted and unexhausted claims would be dismissed without prejudice. See Rose v. Lundy, 455 U.S. 509 (1982). However, "[a]n application for a writ of habeas corpus may be denied on the merits,

---

[1] "The trial court concluded that the witnesses attempted to change their original identification of Hawley as one of the intruders upon realizing he could be held criminally accountable." Hawley v. Virginia, 1239-07-2 (Va. Ct. App. July 18, 2007).

6

notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the state." 28 U.S.C. § 2254(b)(2). A claim that has not been presented to the state's highest court may nevertheless be treated as exhausted if "it is clear that the claim would be procedurally barred under state law if the petitioner attempted to present it to state court." Baker v. Corcoran, 220 F. 3d 276, 288 (4th Cir. 2000); see Gray v. Netherland, 518 U.S. 152, 161 (1986).

Because Hawley's additional claims rely on the same factual predicate as the claims dismissed by the Supreme Court of Virginia, they would likewise be untimely under § 8.01-654(A)(2). Therefore, for the purposes of federal review, Hawley's remaining claims are simultaneously exhausted and defaulted and barred from federal habeas review. Teague v. Lane, 489 U.S. 288, 297-99 (1989), see also, Coleman, 501 U.S. at 735 n.1; Bassette v. Thompson, 915 F.2d 932, 937 (4th Cir. 1990) ("[w]hen it is clear that the state law would bar state review, exhaustion is not required, and federal review is precluded."). As set forth in Part A of this Report, Hawley cannot establish any basis to excuse the default.

C. Hawley's petition is also time-barred.

In addition to his procedural default, Hawley's habeas claims in this Court are also time-barred. On April 24, 1996, Congress passed the Antiterrorism and Effective Death Penalty Act (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (1996). Previously, no statutory time limit for filing a habeas corpus petition existed. See Brown v. Angelone, 150 F.3d 370, 372 (4th Cir. 1998). However, the AEDPA codified a statute of limitations for habeas corpus petitions. 28 U.S.C. § 2244 (d)(1); see Brown, 150 F.3d at 375. The AEDPA provides that any person in custody pursuant to a state court judgment has one year to file a petition for a writ of habeas corpus.

7

In the present case, judgment was entered against Hawley in the Circuit Court of Powhatan County on January 25, 2005. Petitioner appealed his convictions to the Court of Appeals of Virginia, which affirmed his convictions on May 16, 2006. Hawley then had thirty days to note his appeal to the Supreme Court of Virginia, but did not do so. See Va. Sup. Ct. R. 5:17(a)(2). Accordingly, judgment against him became final on June 15, 2006, when his time to seek review by the Supreme Court of Virginia expired. Hawley then had one year from June 16, 2006 to file his federal habeas petition. 28 U.S.C. § 2244(d)(1).

In order to defeat the statutory bar, Hawley must establish that the facts underlying this petition could not have been discovered with due diligence by June 16, 2007. 28 U.S.C. § 2244(d)(1)(D). The affidavits set forth in support of the ineffective assistance of counsel claims were clearly discoverable prior to the deadline because the last was taken on July 25, 2006. Hawley claims that § 2244(d)(1)(D) applies because the Incident Report – which reflects the time of the incident as 12:31 p.m. – was not made available to him until January 14, 2010. Hawley's pleadings establish, however, that he did not request a copy of the Police Report until December 30, 2009. Because Hawley has not submitted any evidence establishing the Incident Report could not have been obtained prior to June 16, 2007, he has not met the requirements of 28 U.S.C. § 2244(d)(1)(D). Moreover, the Incident Report is not relevant to Hawley's claims that trial witnesses recanted, as the Report is consistent in almost every respect with the witnesses' trial testimony. The one alleged inconsistency – the time of the event – is not a matter any of them addressed in their alleged recantations.

Hawley is also not entitled to an equitable tolling of the statute of limitations. Equitable tolling of the limitation period is appropriate only when a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and

8

prevented timely filing." Holland v. Florida, ___ U.S. ___, 130 S. Ct. 2549, 2562 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)); See Rouse v. Lee, 339 F.3d 238, 246 (4th Cir.2003). "[A]ny resort to equity must be reserved for those rare instances where-due to circumstances external to the party's own conduct-it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir.2000); See Little v. United States, 184 F.Supp.2d 489, 494 (E.D.Va.2002).

In this case, Hawley has submitted no evidence to support a claim that the circumstances in this case were extraordinary or that they were outside of his control. The Incident Report was given to Hawley within weeks of his initial request, and as set forth above, does not meaningfully contradict the evidence used to convict him. There is no basis to conclude that the requirements for an equitable tolling have been met. Hawley's petition is therefore time-barred.

## III. RECOMMENDATION

Because Hawley's claims are both procedurally defaulted and time-barred, and he has presented no factual basis upon which to excuse the default or toll the statute of limitations, the undersigned recommends that Respondent's Motion to Dismiss be GRANTED, and Hawley's petition for writ of habeas corpus under 28 U.S.C. § 2254 be DENIED.

## IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1.   Any party may serve upon the other party and file with the Clerk any written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this Report to the objecting party, 28 U.S.C. § 636(b)(1)(C), computed

9

pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

2. A district judge shall make a *de novo* determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of right to appeal from a judgment of this Court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir.1984); United States v. Schronce, 727 F.2d 91 (4th Cir.1984).

The Clerk shall mail a copy of this Report and Recommendation to the Petitioner and to counsel of record for the Respondent.

/s/
Douglas E. Miller
United States Magistrate Judge
DOUGLAS E. MILLER
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia
January 3, 2011

## CLERK'S MAILING CERTIFICATE

A copy of the foregoing Report and Recommendation was mailed this date to the following:

Toby Scott Hawley, #1197735
Lunenburg Correctional Center
P. O. Box 1424
Victoria, VA 23974

Susan Mozley Harris
Office of the Attorney General
900 E. Main Street
Richmond, VA 23219

                            Fernando Galindo,
                            Clerk of Court

By: _____
                            Deputy Clerk

                            Jan 4, 2011